IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANDRE MICHAEL JONES** | : | **CIVIL ACTION** |
| *Petitioner, pro se* | : | |
| | : | **NO. 18-0963** |
| **v.** | : | |
| | : | |
| **TAMMY L. FERGUSON** | : | |
| *Respondent* | : | |

# O R D E R

**AND NOW**, this 9th day of August 2022, upon consideration of the *pro se* petition for a writ of *habeas corpus* filed by Petitioner Andre Michael Jones ("Petitioner") pursuant to 28 U.S.C. § 2254 (the "Petition"), [ECF 1], the *Report and Recommendation* issued on April 6, 2020, by the Honorable Richard A. Lloret, United States Magistrate Judge (the "Magistrate Judge"), [ECF 42], recommending that the Petition be denied, and Petitioner's objections to the *Report and Recommendation*, [ECF 59], and after conducting a *de novo* review of the objections, it is hereby **ORDERED** that:

1. The *Report and Recommendation* (the "R&R") is **APPROVED** and **ADOPTED**;

2. The objections to the R&R are without merit and are **OVERRULED**;[1]

---

[1] Petitioner was originally charged with eighty-two (82) counts of offenses, including, *inter alia*, rape, statutory sexual assault, and endangering the welfare of a child, committed against his minor stepdaughter. Consistent with an open-plea agreement, Petitioner pleaded guilty to one count of rape of a child and one count of involuntary deviate sexual intercourse with a child. In exchange for the plea, the Commonwealth agreed to not pursue mandatory sentences and to dismiss the remaining eighty (80) counts. Subsequently, Petitioner was sentenced to a term of twenty (20) to forty (40) years in prison, followed by ten (10) years of probation.

In his *habeas corpus* petition, Petitioner requests that both his guilty plea and sentence be vacated on the following grounds: that his plea was not voluntarily and intelligently entered, that his trial counsel was ineffective, and that the trial court abused its discretion when sentencing him. [ECF 1]. The Magistrate Judge issued a thorough, well-reasoned, 30-page R&R in which he recommended that all of Petitioner's claims be dismissed as either procedurally defaulted and/or without merit. Petitioner has now filed objections to the R&R. [ECF 59].

When timely objections to an R&R are filed, a court must conduct a *de novo* review of the contested portions of the R&R. *See Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(C)); *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir. 1984). In conducting its *de novo* review, the court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. 28 U.S.C. § 636(b)(1). Although the review is *de novo*, the statute permits the court to rely on the

    3.     Petitioner's petition for a writ of *habeas corpus*, [ECF 1], is **DENIED**; and

    4.     No probable cause exists to issue a certificate of appealability.[2]

The Clerk of Court is directed to mark this matter **CLOSED**.

**BY THE COURT:**

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

recommendations of the magistrate judge to the extent it deems proper.  *United States v. Raddatz*, 447 U.S. 667, 675–76 (1980); *Goney*, 749 F.2d at 7.

In his objections, Petitioner essentially repeats the same arguments presented to the state courts and in his *habeas* petition with respect to the voluntariness and understanding of his guilty plea.  Each of these arguments was considered and correctly rejected by the Magistrate Judge.  This Court agrees with the Magistrate Judge's analysis and conclusions and finds that the state court's rejection of Petitioner's challenges to his guilty plea neither was "contrary to," nor "involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," nor was it "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(1)–(2).  Accordingly, Petitioner's objections are overruled, and the R&R is adopted and approved in its entirety.

In his objections, Petitioner also raises for the first time a claim under the Court Reporter's Act, 28 U.S.C. § 753(b).  Petitioner essentially contends that this Act entitles him to a copy of the transcript of the preliminary hearing portion of his underlying criminal proceedings.  Though acknowledging that this Act provides no remedy for purported violations, Petitioner provides no support for how this claim could be cognizable for *habeas* review.  Regardless, this claim was not presented to the state courts or raised in his current *habeas* petition.  As such, this claim is procedurally defaulted and waived.

[2]    A district court may issue a certificate of appealability only upon "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c).  A petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Lambert v. Blackwell*, 387 F.3d 210, 230 (3d Cir. 2004).  For the reasons set forth in the R&R*,* this Court concludes that no probable cause exists to issue such a certificate in this action because Petitioner has not made a substantial showing of the denial of any constitutional right.  Petitioner has not demonstrated that reasonable jurists would find this Court's assessment "debatable or wrong."  *Slack*, 529 U.S. at 484.  Accordingly, there is no basis for the issuance of a certificate of appealability.